**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____     Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Delta Apparel, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **58-2508794** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**2750 Premier Parkway**<br>**Suite 100**<br>**Duluth, GA 30097**<br>Number, Street, City, State & ZIP Code<br><br>**Gwinnett**<br>County | **Mailing address, if different from principal place of business**<br><br><br><br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.deltaapparelinc.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Delta Apparel, Inc.**_____    Case number (*if known*) _____
Name

| | |
|---|---|
| **7.    Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____**4243**____

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

Debtor   **Delta Apparel, Inc.**_____  Case number (*if known*) _____
         Name

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

Debtor   **See Attachment**_____   Relationship _____
District _____ When _____   Case number, if known _____

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

   Contact name _____

   Phone _____

---

      **Statistical and administrative information**

**13.  Debtor's estimation of available funds**   .   *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor    **Delta Apparel, Inc.**                                    Case number (*if known*) _____
          Name

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Delta Apparel, Inc.**                                      Case number (*if known*) _____
       Name

<table>
<tr><td colspan="2" style="background:black;color:white"> </td><td><b>Request for Relief, Declaration, and Signatures</b></td></tr>
</table>

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **June 30, 2024**
                MM / DD / YYYY

**X** **/s/ J. Tim Pruban**                                  **J. Tim Pruban**
Signature of authorized representative of debtor             Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** **/s/ Christopher A. Ward**                    Date **June 30, 2024**
Signature of attorney for debtor                          MM / DD / YYYY

**Christopher A. Ward**
Printed name

**Polsinelli PC**
Firm name

**222 Delaware Avenue**
**Suite 1101**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 252-0920**   Email address **cward@polsinelli.com**

**3877 DE**
Bar number and State

Debtor   **Delta Apparel, Inc.**                                                            Case number (*if known*) _____
              Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____        Chapter   **11**

☐ Check if this an
   amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Culver City Clothing Company** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **DTG2Go, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **M.J. Soffe, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **Salt Life Beverage, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **Salt Life Beverage Management, LLC** | When _____ | Relationship to you | **Affiliate** |
| District | **Delaware** | | Case number, if known | |
| Debtor | **Salt Life, LLC** | When _____ | Relationship to you | **Affiliate** |
| District | **Delaware** | | Case number, if known | |

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## United States Bankruptcy Court
### District of Delaware

In re    **Delta Apparel, Inc.** _____    Case No. _____
                                            Debtor(s)        Chapter    **11** _____

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___**1-15583**___ .

2.  The following financial data is the latest available information and refers to the debtor's condition on ___**6/1/2024**___ .

a. Total assets                                                                     $_____**337,801,000.00**

b. Total debts (including debts listed in 2.c., below)                              $_____**244,564,000.00**

c. Debt securities held by more than 500 holders:

Approximate
number of
holders:

| | | | | | | |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |

d. Number of shares of preferred stock                          **2,000,000**                    **0**

e. Number of shares common stock                               **7,051,053**                    **0**

Comments, if any:

3. Brief description of Debtor's business:
   **Provider of core activewear, lifestyle apparel, and on-demand digital print strategies**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

**Fill in this information to identify the case:**

Debtor name    **Delta Apparel, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 30, 2024**          X **/s/ J. Tim Pruban**
                                              Signature of individual signing on behalf of debtor

                                              **J. Tim Pruban**
                                              Printed name

                                              **Chief Restructuring Officer**
                                              Position or relationship to debtor

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Salt Life Beverage, LLC, et al. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the:        District of Delaware | |
| Case Number (If known): | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders        12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   PARKDALE MILLS  INC. P.O. BOX 75077 CHARLOTTE, NC  28275 | CONTACT: ANDY LONG PHONE: 704-874-5116 FAX: 704-874-5175 ANDY.LONG@PARKDALEMILLS.COM | TRADE CLAIM | | | | $22,549,141.38 |
| 2   CHARM-IN (HK) CO., LIMITED UNIT C  10 FLOOR  WORLDWIDE CENTRE NO 123 TUNG CHAU STREET TAI KOK TSUI KOWLOON  HONG KONG | CONTACT: RYAN CHI-WING CHARM PHONE: +852 2790-9222 RYAN@CHARM-IN.COM.HK | TRADE CLAIM | | | | $1,955,428.79 |
| 3   COUGAR INC 2349 PLASTICS DR. STE 100 GASTONIA, NC  28054 | CONTACT: GENERAL COUNSEL PHONE: (704) 824-1147 BECKIE@COUGARINC.NET | TRADE CLAIM | C U D | | | $1,826,390.72 |
| 4   KORNIT DIGITAL NORTH AMERICA, INC. 480 SOUTH DEAN ST ENGLEWOOD, NJ  07631 | CONTACT: JARED MAYMON PHONE: 201-608-5750 JARED.MAYMON@KORNIT.COM | TRADE CLAIM | | | | $1,561,292.85 |
| 5   AR TRAFFIC CONSULTANTS - FREIGHT 5 HANOVER SQ SUITE 202 NEW YORK, NY  10004 | CONTACT: I. FRIEDMAN PHONE: 212-736-8565 FAX: 646-590-3425 IFRIEDMAN@ARTRAFFIC.COM | TRADE CLAIM | | | | $1,283,795.85 |
| 6   ERNST & YOUNG LLP PO BOX 933514 ATLANTA, GA  31193 | CONTACT: RYAN SMITH PHONE: 678-596-7199 RYAN.SMITH2@EY.COM | TRADE CLAIM | | | | $965,000.00 |

Debtor: Salt Life Beverage, LLC, et al.                    Case Number (if known): 24-xxxxx

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   S&G INTERNATIONAL DEVELOPMENT (HONGKONG) LIMITED 340 QUEENS ROAD CENTRAL SUITE 2006, 20TH FLOOR HONG KONG | CONTACT: JULIA HU PHONE: 852 3719 3888 FAX: 852 2559 9362 SERVICE@SBSZIPPER.COM.HK | TRADE CLAIM | | | | $815,409.57 |
| 8   OWENS SPORTSWEAR CO. LTD RM 1602 OTERPRISE SQUARE 26 NATHAN RD TSIM SHA TSUI KOWLOON  HONG KONG | CONTACT: CHUNG LEUNG MAU PHONE: 852 5700 3293 EMAU@OWENSSPORT.COM.HK | TRADE CLAIM | | | | $809,299.01 |
| 9   GRUPO INDUSTRIAL MIRO SA DE CV CIT FACTOR 201 SOUTH TRYON STREET, SUITE 300 CHARLOTTE, NC  28202 | CONTACT: GENERAL COUNSEL PHONE: -7282827448 SMERLO@MILFAC.COM; VENTAS@GRUPOMIRO.COM | TRADE CLAIM | | | | $765,136.49 |
| 10   CAUSA DIRECT / GBH 9303 MONROE RD. SUITE N CHARLOTTE, NC  28270 | CONTACT: GENERAL COUNSEL PHONE: 213 458-6104 INFO@CAUSADIRECT.IN | TRADE CLAIM | | | | $697,103.07 |
| 11   BACKFLIPS, INC. 610 UHLER RD SUITE BF EASTON, PA  18040-7001 | CONTACT: MARK WALDMAN PHONE: (610) 863-4176 | TRADE CLAIM | | | | $692,900.10 |
| 12   ASI GLOBAL LIMITED ALAMEDA DR.CARLOS DASSUMPCOA NO.181-187 JARDIM BRILHANTISMO MACAU | CONTACT: HUI TSENG PHONE: +86 (21) 54886514 FREDMAO@ASIANSHA.COM | TRADE CLAIM | | | | $655,616.26 |
| 13   UPS PO BOX 650690 DALLAS, TX  75265 | CONTACT: GENERAL COUNSEL PHONE: 800-327-9714 ACHDETAIL@UPS.COM | TRADE CLAIM | | | | $569,156.36 |
| 14   CALLE TAZUMAL ( COVAL, SA DE CV) NO. 11 EDF. 16, ZONA FRANCA SAN BARTOLO LLOPANGO SAN SALVADOR EL SALVADOR | CONTACT: GENERAL COUNSEL PHONE: 503 2295 8553 CONTABILIDAD3@COVAL.COM.SV | TRADE CLAIM | | | | $546,535.45 |
| 15   CAISA INTERNATIONAL ZONA FRANCA SANTO TOMAS, KM. 15 1/2 AUTOPISTA A COMALAPA SANTO TOMAS SAN SALVADOR  2316-6000  EL SALVADOR | CONTACT: GENERAL COUNSEL PHONE: 011-503-220-9704 COBROS@CAISACARTON.NET | TRADE CLAIM | | | | $371,592.14 |
| 16   AVERY DENNISON RIS HONDURAS AVERY DENNISON CONVERTED PRODUCTS AV. LA MONTANA NO 114 MOD. II, PARQUE INDUSTRIAL QUERETARO, SANTA ROSA JAUREGUI, QUERETARO MEXICO CITY  76220  MEXICO | CONTACT: CLAUDIA PINEDA PHONE: 504-25749130 CLAUDIA.PINEDA@AVERYDENNISON.COM | TRADE CLAIM | | | | $352,990.31 |

Debtor: Salt Life Beverage, LLC, et al.          Case Number (if known): 24-xxxxx

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  TEXTILES PARAISO, SA TEXPASA 10220-A WESTERN RIDGE ROAD CHARLOTTE, NC  28273 | CONTACT: RAUL LOPEZIBANEZ PHONE: 704-527-3435 RLOPEZIBANEZ@TEXPASA.COM | TRADE CLAIM | | | | $308,232.83 |
| 18  AURORA MANAGEMENT PARTNERS 112 SOUTH TRYON STREET SUITE 1170 CHARLOTTE, NC  28284 | CONTACT: JOHN MAGEE PHONE: 704-377-6010 JMAGEE@AURAMP.COM | TRADE CLAIM | | | | $306,078.82 |
| 19  COLOR IMAGE APPAREL, INC. / BELLA  CANVAS PO BOX 674807 DETROIT, MI  48267 | CONTACT: GENERAL COUNSEL PHONE: 310-770-7568 AR@BELLACANVAS.COM | TRADE CLAIM | | | | $287,174.09 |
| 20  M&R SALES & SERVICE INC 440 MEDINAH RD. ROSELLE, IL  60172 | CONTACT: MARIE TOSCH PHONE: 630-858-6101 FAX: 630-858-6134 MARIE.TOSCH@MRPRINT.COM | TRADE CLAIM | | | | $275,457.83 |
| 21  ENERGUA SA FINAL DEL BLV. 15 DE SEPTIEMBRE, BO. INDEPENDENCIA APDO. POSTAL 40 ATLANTIDA LA CEIBA  HONDURAS | CONTACT: DONALDO MEJIA PHONE: 504-99916199 | TRADE CLAIM | | | | $208,420.90 |
| 22  COATS AMERICA INC. DEPT. 2627 P.O. BOX 122627 DALLAS, TX  75312 | CONTACT: BESSY FIALLOS PHONE: 704-329-5800 BESSY.FIALLOS@COATS.COM | TRADE CLAIM | | | | $195,848.88 |
| 23  JUST LIKE FALLING OFF A BIKE LLC PO BOX 76 MOUNT JULIET, TN  37121-0076 | CONTACT: KEVIN GROSCH PHONE: 629-777-5845 ACCOUNTING@FLO.CO | TRADE CLAIM | | | | $181,083.86 |
| 24  WOMBLE BOND DICKINSON LLP ONE WEST FOURTH ST WINSTON SALEM, NC  27101 | CONTACT: JOHN MORROW PHONE: 336-721-3600 FAX: 336-721-3660 JOHN.MORROW@WBD-US.COM | TRADE CLAIM | | | | $153,100.50 |
| 25  SUZHOU ZHONGTAI IMP. & EXP. CO., LTD 408 DONGFANG ROAD, TAOYUA TOWN JIANGSU PROVENCE WUJIANG SUZHOU, 215236  CHINA | CONTACT: XINGFANG SHEN PHONE: 86-51263852678 ANDY671030@163.COM | TRADE CLAIM | | | | $147,306.99 |
| 26  HORNWOOD, INC DBA GAME TIME FABRICS PO BOX 733909 DALLAS, TX  75373 | CONTACT: WESLEY HORNE PHONE: 800-225-6350 WHORNE@HORNWOODINC.COM | TRADE CLAIM | | | | $145,210.20 |
| 27  6 RIVER SYSTEMS LLC 307 WAVERLEY OAKS ROAD SUITE 405 WALTHAM, MA  02452 | CONTACT: ROYANNA CHAPPELL PHONE: 866-602-4825 RCHAPPELL@6RIVER.COM | TRADE CLAIM | | | | $141,875.29 |

Debtor:  Salt Life Beverage, LLC, et al.                                          Case Number (if known):  24-xxxxx

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 28  ALL SEASON GARMENTS 102 IVY CENTER PATEL ESTATE ROAD JOGESHWARI (WEST) MUMBAI INDIA | CONTACT: NITESH PODDAR PHONE: 91-9320608506 INFO@ALLSEASON.IN | TRADE CLAIM | | | | $134,770.34 |
| 29  FINOS TEXTILES DE EL SALVADOR S.A. CARRETERA A SANTA ANA, KM. 24, 12-C EXPORT SALVA, XONA FRANCA, COLON LA LIBERTAD EL SALVADOR | CONTACT: C. GUTIERREZ PHONE: 503-2304-2300 FAX: 503-2304-2310 CGUTIERREZ@FINOTEX.COM | TRADE CLAIM | | | | $129,668.14 |
| 30  INFOR GLOBAL SOLUTIONS INC PO BOX 1450 MINNEAPOLIS, MN  55485-7418 | CONTACT: STAN VAN ROIJ PHONE: 646-336-1700 STAN.VANROIJ@INFOR.COM | TRADE CLAIM | | | | $125,469.71 |

# United States Bankruptcy Court
## District of Delaware

In re    **Delta Apparel, Inc.**
_____    Case No. _____
                                                   Debtor(s)    Chapter    **11** _____


### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)


Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **Delta Apparel, Inc.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Allspring Global Investments LLC**
**1415 Vantage Park Drive**
**3rd Floor**
**Charlotte, NC 28203**
_____


☐ None [*Check if applicable*]


**June 30, 2024**
_____    **/s/ Christopher A. Ward**
Date                                   _____
                                       **Christopher A. Ward**
                                       Signature of Attorney or Litigant
                                       Counsel for    **Delta Apparel, Inc.**
                                       _____
                                       **Polsinelli PC**
                                       **222 Delaware Avenue**
                                       **Suite 1101**
                                       **Wilmington, DE 19801**
                                       **(302) 252-0920 Fax:(302) 252-0921**
                                       **cward@polsinelli.com**

**JOINT ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
BOARD OF DIRECTORS OF DELTA APPAREL, INC. AND ITS SUBSIDIARIES**

June 28, 2024

Under the provisions of the Bylaws of Delta Apparel, Inc. (the "**Parent**"), a corporation duly incorporated and validly existing under the laws of the State of Georgia, as amended, effective as of the date written above, the undersigned constituting all of the directors of the board (the "**Board**") of (i) the Parent and (ii) Salt Life Beverage Management, LLC; Salt Life, LLC; M. J. Soffe, LLC; Culver City Clothing Company; and DTG2Go, LLC (together, the "**Subsidiaries**" and collectively with the Parent, the "**Company**"), hereby consent in writing that the following resolutions be adopted and direct that this consent be filed with the Company's official minutes:

**WHEREAS**, the Board has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

**NOW THEREFORE BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and all of its creditor constituencies, that the Company shall be, and hereby is, authorized to file or cause to be filed, the voluntary petitions for relief for the Parent and the Subsidiaries (collectively referred to herein as the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in a court of proper jurisdiction (the "**Bankruptcy Court**"); and be it

**FURTHER RESOLVED**, that the Chief Restructuring Officer (the "**CRO**") or other officer of the Company (collectively, the "**Authorized Officers**" and each, an "**Authorized Officer**"), be, and hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and be it

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of POLSINELLI PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay

95248310.4

1

appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of POLSINELLI PC; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ TIM PRUBAN and FOCUS MANAGEMENT GROUP as CRO to represent and assist the Authorized Officers and the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FOCUS MANAGEMENT GROUP; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ EPIQ CORPORATE RESTRUCTURING, LLC. as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of EPIQ CORPORATE RESTRUCTURING, LLC.; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ MMG ADVISORS, INC. as Investment Banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of MMG ADVISORS, INC.; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case; and be it

**FURTHER RESOLVED**, that the CRO is authorized, empowered and directed on behalf of the Company to enter into the Ratification Agreement and Amendment Agreement (the "**DIP Agreement**") with Wells Fargo Bank, N.A., as agent; and to enter into any guaranties and to pledge

2

95248310.4

and grant liens on its assets as may be contemplated by or required under the terms of such DIP Agreement and, in connection therewith, to execute appropriate loan agreements, cash collateral agreements and related ancillary documents, subject to Bankruptcy Court approval; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is authorized, empowered and directed on behalf of the Company to enter into the Asset Purchase Agreement (the "**APA**") with FCM Saltwater Holdings, Inc. for the purchase of the assets of the Company associated with the operation of the Salt Life® business, and each of the ancillary documents to be entered into and in connection therewith (the "**Sale Documents**"), and to enter into the transactions and obligations contemplated by the APA and the Sale Documents, subject to Bankruptcy Court approval; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement; and be it

**FURTHER RESOLVED**, that all members of the Board of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice by execution hereof; and be it

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and be its

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

This Consent may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

3

95248310.4

This action by written consent of the Board of Directors of Delta Apparel, Inc. is being signed and is effective of the date first written above.

**BOARD OF DIRECTORS**

_____
Robert W. Humphreys, Chairman and CEO
June 29, 2024 9:57 AM

_____
Glenda E. Hood, Director
June 29, 2024 12:50 PM

_____
J. Bradley Campbell, Director
June 29, 2024 8:50 AM

_____
Anita D. Britt, Director
June 28, 2024 1:49 PM

_____
Sonya E. Medina, Director
June 28, 2024 10:11 PM

95248310.4

4

4